NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 23 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GUILLERMO GUZMAN-GOMEZ, | No. 20-72349 |
| Petitioner, | Agency No. A205-313-763 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 19, 2022[**]
Pasadena, California

Before: MILLER and COLLINS, Circuit Judges, and KORMAN,[***] District Judge.

Guillermo Guzman-Gomez, a native of Mexico, petitions for review of the

decision of the Board of Immigration Appeals ("BIA") affirming the order of the

Immigration Judge ("IJ") denying his application for cancellation of removal. We

have jurisdiction under § 242 of the Immigration and Nationality Act, 8 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

[***] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

§ 1252.  We review legal questions, including due process claims, de novo and factual findings for substantial evidence.  *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc); *Zetino v. Holder*, 622 F.3d 1007, 1011–12 (9th Cir. 2010).  We deny the petition.

1.  Guzman-Gomez contends that the IJ violated his due process rights by denying his request to allow his wife and eldest child to testify regarding his good moral character.  However, Guzman-Gomez failed to raise this issue before the BIA.  Failure to exhaust a due process claim before the BIA deprives this court of jurisdiction to reach the underlying merits, so long as the procedural error was correctable by the agency.  *Amaya v. Garland*, 15 F.4th 976, 986 (9th Cir. 2021).  Lack of opportunity to present evidence before an IJ is correctable by the BIA, and so we lack jurisdiction to consider this unexhausted claim.  *See, e.g.*, *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Guzman-Gomez nonetheless argues that he may properly challenge the BIA's assertedly erroneous statement that the IJ "repeatedly offered the respondent's counsel an opportunity to bring forth any evidence showing the respondent's good moral character."  This contention fails, because the BIA's statement, taken in context, is correct.  In the portion of the transcript cited by the BIA, the IJ repeatedly invited Guzman-Gomez's counsel, through questioning of him on the witness stand, to develop additional evidence concerning his good

2

moral character. Indeed, after stating that she was ready to rule unless there was additional evidence of his good moral character, the IJ then permitted several additional pages of questioning of Guzman-Gomez on this subject. The fact that the IJ then subsequently declined to receive additional testimony from other family members on the same subject does not render the BIA's statement inaccurate.[1]

2. Guzman-Gomez also asserts that the IJ committed legal error by failing to consider the factors that weigh in favor of finding good moral character here. This contention fails. The BIA reviewed this discretionary determination de novo, *see* 8 C.F.R. § 1003.1(d)(3)(ii), and our review therefore focuses on whether the BIA properly considered all of the relevant factors, *see Bringas-Rodriguez*, 850 F.3d at 1059. The BIA clearly did so, expressly noting several "favorable factors," such as Guzman-Gomez's "three United States citizen children and other family ties to the United States, his work background in construction and restaurants, the fact that he financially supports his wife and children, and his payment of taxes." After noting these "favorable factors," the BIA concluded that they were "outweighed by the respondent's criminal history." The agency therefore considered the relevant factors and did not commit legal error. Beyond that, we

---

[1] Even if we did have jurisdiction to consider this argument, Guzman-Gomez's due process claim would fail because he has not shown prejudice. *Zamorano v. Garland*, 2 F.4th 1213, 1226 (9th Cir. 2021); *Gutierrez v. Holder*, 662 F.3d 1083, 1091 (9th Cir. 2011).

lack jurisdiction to review its weighing of these considerations. *See Lopez-Castellanos v. Gonzales*, 437 F.3d 848, 854 (9th Cir. 2006).

The petition for review is **DENIED.**